# IN THE UNITED STATES DISTRICT COURT
# FOR THE MIDDLE DISTRICT OF PENNSYLVANIA

| | |
|---|---|
| UNITED STATES OF AMERICA, | No. 4:17-CR-00291 |
| v. | (Judge Brann) |
| WAYNE DAVIDSON and RAYMOND HOWARD, | |
| Defendants. | |

## MEMORANDUM OPINION

### NOVEMBER 19, 2018

Before the Court is Defendant Wayne Davidson's Motion to Suppress Evidence.[1] For the following reasons, that motion will be denied.

## I. BACKGROUND[2]

Mr. Davidson sold heroin to a confidential informant and police subsequently obtained a warrant for his arrest. Upon Mr. Davidson's arrest, police confiscated cash, twenty-one bags of heroin, and two cellular telephones—an LG

---

[1] Codefendant Raymond Howard joined in Mr. Davidson's motion. *See* Notice of Joinder (ECF No. 109). The Court's disposition of this matter applies to both Mr. Howard and Mr. Davidson.

[2] The relevant facts are not in dispute and are derived from the Application and Affidavit for Search Warrant (ECF No. 100) and the parties' briefs. *See* Brief in Support (ECF No. 101); Brief in Opposition (ECF No. 108), Reply Brief (ECF No. 110),

flip-phone and an Apple iPhone. Police sought a search warrant to search both phones. Magistrate Judge William I. Arbuckle approved the search warrant.

As police continued their investigation, Mr. Davidson was ultimately indicted on six federal charges: one count of conspiracy to distribute controlled substances in violation of 21 U.S.C. § 846 (Count 1), and five counts of possession with intent to distribute/distribution of controlled substances in violation of 21 U.S.C. § 841(a)(1) (Counts 4, 5, 6, 8, 9).[3] He pleaded not guilty[4] and has been detained pending trial.[5] A jury trial is scheduled in this matter for January 7, 2019.[6]

Mr. Davidson filed the instant motion to suppress evidence obtained from the iPhone confiscated during the course of his arrest. Mr. Davidson argues that the search warrant was constitutionally deficient and did not comply with the Fourth Amendment.[7]

---

[3] Second Superseding Indictment (ECF No. 46).

[4] Plea (ECF No. 62).

[5] Order of Detention (ECF No. 63).

[6] Order to Continue (ECF No. 105).

[7] Motion to Suppress (ECF No.100). Mr. Davidson did not request an evidentiary hearing. Nor is he entitled to one as a matter of course. *See* F. R. Crim. P. 12(c).

## II.   ANALYSIS

Pursuant to the Fourth Amendment's prohibition on "unreasonable searches and seizures,"[8] police must generally obtain a warrant before conducting a search.[9] A valid search warrant must be (1) be based on probable cause; (2) be supported by a sworn affidavit; (3) describe particularly the place of the search; and (4) describe particularly the persons or things to be seized.[10] If police deliberately effectuate an unconstitutional search or seizure, any subsequent evidence must be suppressed.[11] If, however, the police acted in good faith and "execute[d] a search in objectively reasonable reliance on a warrant's authority," the evidence need not be suppressed under the so-called good-faith exception.[12]

Here, Mr. Davidson contends the search warrant authorizing police to search his iPhone was defective for two reasons: first, that the affidavit submitted with the search warrant lacked probable cause to search the iPhone, and second, that the

---

[8]   U.S. Const. amend. IV.

[9]   *See, e.g.*, *Maryland v. Dyson*, 527 U.S. 465, 466 (1999).

[10]  *See, e.g.*, *Groh v. Ramirez*, 540 U.S. 551, 557 (2004).

[11]  *Herring v. United States*, 555 U.S. 135, 136 (2009) (explaining that exclusionary rule can only be triggered where "police conduct" is "sufficiently deliberate that exclusion can meaningfully deter it, and sufficiently culpable that such deterrence is worth the price paid by the justice system").

[12]  *United States v. Leon*, 468 U.S. 897, 916, 920 (1984) (explaining goals of deterring police conduct would not be advanced "when an officer acting with objective good faith has obtained a search warrant from a judge or magistrate [judge] and acted within its scope"); *see also United States v. Williams*, 3 F.3d 69, 74 (3d Cir. 1993).

iPhone, which was described in the warrant as white in color, was actually black.[13] Mr. Davidson also argues that the good faith exception to the exclusionary rule should not apply.[14]

### A. Whether the Affidavit Supporting the Search Warrant Application Was Supported by Probable Cause

To determine whether an affidavit is supported by probable cause, the magistrate judge makes "a practical, common-sense decision whether, given all the circumstances set forth in the affidavit ... there is a fair probability that contraband or evidence of a crime will be found in a particular place."[15] The district court conducts a deferential review of a magistrate judge probable cause determination.[16] The district court does not review the probable cause *de novo*, but rather whether "the magistrate [judge] had a substantial basis for concluding that probable cause existed."[17]

---

[13] Brief in Support (ECF No. 101) at 2-4.

[14] Reply Brief (ECF No. 110) at 2-4.

[15] *Illinois v. Gates*, 462 U.S. 213, 238 (1983).

[16] *United States v. Stearn*, 597 F.3d 540, 554 (3d Cir. 2010) (citing *Gates*, 462 U.S. at 236). Mr. Davidson contends that under *United States v. Whitner*, 219 F.3d 289, 295-96 (3d Cir. 2000), my review is constrained to the four corners of the affidavit. But *Whitner* does not stand for that proposition. *Whitner* instead dealt with the standard of appellate review used to evaluate a district court's probable cause conclusion when the district court decides to confine its review to the affidavit. *Id.* at 296 (citing *United States v. Conley,* 4 F.3d 1200, 1204 (3d Cir. 1993) ("When a district court, in reviewing a magistrate's determination of probable cause, bases its probable cause ruling [solely] on facts contained in an affidavit, we exercise plenary review over the district court's decision.").

[17] *Stearn*, 597 F.3d at 554 (internal quotation marks omitted); *Whitner*, 219 F.3d at 296 (explaining that appellate court conducts a deferential review to ascertain if there was "'substantial basis' for concluding that probable cause existed").

In the matter at hand, Magistrate Judge Arbuckle had a substantial basis to conclude that the warrant was supported by probable cause—that is, that the affidavit set forth a fair probability that the iPhone contained evidence of a crime. The affiant explains that individuals who illegally distribute controlled substances tend to use cellular phones not only to contact both customers and suppliers, but also to store information related to their criminal activity.[18] The affiant states that police investigations revealed that Mr. Davidson was such an illegal distributor of controlled substances, and that his trade contributed to fifty overdoses that occurred in central Pennsylvania between June and July of 2017.[19] The affiant further explains that based on his knowledge of this particular investigation, Mr. Davidson used cellular phones to buy and sell drugs.[20] He specifically identifies numerous instances where Mr. Davidson's customers contacted him using a phone number attached to his LG flip-phone,[21] and identifies at least one instance where

---

[18] Affidavit (ECF No. 100) at 24-26. *See, e.g.*, *id*. at 25 ("[T]he possession and use of a cellular facility or device is instrumental in maintaining contact with both sources of supply [outside of central Pennsylvania], as well as with their customer base locally.").

[19] *Id*. at 17.

[20] *Id*. at 14 ("Based upon my training and experience and knowledge of this investigation, I believe the subject(s) uses telephones, specifically these cellular telephone [sic], to arrange, execute, monitor and complete the purchase and delivery of those controlled substances."); *Id.* at 14-15 (explaining Davidson "has been shown through the instant investigation to be a regional distributor for amounts of heroin and opiate based substances and maintains associations in the areas of central Pennsylvania to include the City of Williamsport and the surrounding communities").

[21] *Id*. at 18-24.

Mr. Davidson's customer could not remember the phone number she used to contact Mr. Davidson.[22]

Finally, the affiant explains that to effectuate Mr. Davidson's arrest, a confidential informant negotiated a heroin transaction in an attempt to draw Mr. Davidson into the open.[23] The affiant states that when Mr. Davidson arrived to consummate the transaction and was ultimately arrested, he had both the LG flip-phone and the iPhone on his person.[24] Given the affiant's personal knowledge of the investigation and his experience with drug enforcement, coupled with numerous facts revealing Mr. Davidson's propensity to use cellular telephones to transact drug deals, Magistrate Judge Arbuckle had a substantial basis to conclude that the affidavit set forth a fair probability that the iPhone contained evidence of a crime.

Mr. Davidson appears to concede that the Government had probable cause to search his LG flip-phone,[25] but objects to the search of the iPhone by repeatedly asserting that the Government did not identify the phone number attached to iPhone and did not link the iPhone to Mr. Davidson's criminal activities with specificity.[26] By focusing this Court's attention on the affidavit's omissions, Mr.

---

[22] *Id*. at 18.

[23] *Id.* at 23.

[24] *Id*. at 24.

[25] Reply Brief (ECF No. 110) at 2.

[26] Brief in Support (ECF No. 101) at 3-4; Reply Brief (ECF No. 110) at 1.

Davidson is asking this Court to impermissibly conduct a *de novo* review of the magistrate judge's probable cause determination.[27] This Court does not focus on what the affidavit does not state. Rather, this Court's task is to consider "what the affidavit does state" and accordingly, "ask whether those facts could provide to a magistrate a substantial basis for a fair probability that evidence of wrongdoing will be found."[28] Reading the affidavit "in its entirety and in a commonsense and nontechnical manner," it would belie the practical, common-sense approach inherent to the probable cause determination to conclude that probable cause existed as to the flip-phone, but not to the iPhone.[29] In other words, Magistrate Judge Arbuckle was entitled to draw the reasonable inference that evidence of criminal wrongdoing could be found on Mr. Davidson's iPhone.[30]

---

[27] *United States v. Conley*, 4 F.3d 1200, 1208 (3d Cir. 1993).

[28] *Id*. Indeed, our Court of Appeals has recognized situations where direct evidence is not necessary to support probable cause. *See, e.g.*, *United States v. Stearn*, 597 F.3d 540, 554 (3d Cir. 2010) ("When the crime under investigation is drug distribution, a magistrate may find probable cause to search the target's residence even without direct evidence that contraband will be found there.").

[29] *Conley,* 4 F.3d at 1206 (citing *Illinois v. Gates*, 462 U.S. 213, 230-31 (1983). Mr. Davidson cites to no authority suggesting otherwise.

[30] *United States v. Whitner*, 219 F.3d 289, 296 (3d Cir. 2000) (quoting *United States v. Caicedo,* 85 F.3d 1184, 1192 (6th Cir. 1996) ("The issuing judge or magistrate may give considerable weight to the conclusions of experienced law enforcement officers regarding where evidence of a crime is likely to be found and is entitled to draw reasonable inferences about where evidence is likely to be kept, based on the nature of the evidence and the type of offense.")); *accord United States v. Brewer*, No. 1:13–CR–13–03, 2015 WL 2250150, at *4-5 (M.D.Pa. May 12, 2015) (finding magistrate judge had a substantial basis to conclude there was a fair probability evidence of a robbery would be found on an individual's phone based on an accumulation of circumstantial evidence).

Even if this Court concluded that the affidavit lacked probable cause to search the iPhone, the good-faith exception to the exclusionary rule would apply.[31] To the extent the affidavit was constitutionally deficient, it was not "so lacking in indicia of probable cause as to render official belief in its existence entirely unreasonable."[32] Mr. Davidson does not allege that police actions were "deliberate, reckless, or grossly negligent."[33] And exclusion of the iPhone would not deter the type of police conduct the exclusionary rule was designed to prevent.[34] Accordingly, evidence obtained from the iPhone need not be suppressed.

### B. Whether the iPhone Was Described with Sufficient Particularity

The purpose of the Fourth Amendment's particularity requirement is to prevent general exploratory searches.[35] When police search an apartment, for example, a search will be held unconstitutional if the warrant "fails to describe the

---

[31] *United States v. Tracey*, 597 F.3d 140, 151 (3d Cir. 2010) (explaining good faith exception to exclusionary rule).

[32] *United States v. Zimmerman,* 277 F.3d 426, 436–37 (3d Cir. 2002) (identifying four, limited exceptions where exclusionary rule does not apply).

[33] *Tracey*, 597 F.3d at 151 (quoting *Herring v. United States*, 555 U.S. 135, 144 (2009)); *see also Zimmerman,* 277 F.3d at 436 (quoting *United States v. Leon*, 468 U.S. 897, 922 n.23 (1984) (explaining evidence is suppressed only if "a reasonably well trained officer would have known that the search was illegal despite the magistrate's authorization")).

[34] *Herring*, 555 U.S. at 144 (explaining that exclusionary rule prevents the government from using evidence obtained unconstitutionally when "police conduct [is] ... sufficiently deliberate that exclusion can meaningfully deter it, and sufficiently culpable that such deterrence is worth the price paid by the justice system").

[35] *Maryland v. Garrison,* 480 U.S. 79, 84 (1987).

particular apartment to be searched with sufficient definiteness to preclude a search of other units located in the building and occupied by innocent persons."[36] Sufficient definiteness does not mean that the search warrant must be technically perfect.[37]

Here, the warrant and affidavit described the iPhone as a "White Apple iPhone device utilized and recovered from Wayne Davidson on 6/29/2017."[38] The iPhone found on Mr. Davidson's person when he was arrested is black on one side and silver on the other.[39] To the extent "white Apple iPhone" is imprecise, the iPhone was described with sufficient particularity to preclude a search of a phone belonging to an innocent person because it was described as the specific phone confiscated during the course of Mr. Davidson's arrest. Consequently, the warrant's description of Mr. Davidson's iPhone supported the constitutionality of the search.

---

[36] *See United States v. Bedford*, 519 F.2d 650, 654-55 (3d Cir. 1975).

[37] *Id*. ("The standard is one of practical accuracy rather than technical nicety.")

[38] Search Warrant and Application (ECF No. 100) at 56.

[39] Government Exhibits (ECF No. 108) at 20-21.

## III. CONCLUSION

Accordingly, Mr. Davidson's Motion to Suppress will be denied. An appropriate Order follows.

BY THE COURT:

*s/ Matthew W. Brann*
Matthew W. Brann
United States District Judge